IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. d/b/a IOU FINANCIAL, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case Number |
| INTERCOM, INC., KENT BLISS, NANCY BLISS, LEISURE PROCESS, LLC, ) ) ) ) | 1:19-cv-04595-TWT |
| Defendants. ) ) ) | |

## DEFENDANT LEISURE PROCESS, LLC'S MOTION FOR RECONSIDERATION OF COURT'S JANUARY 2, 2020 ORDER

COMES NOW Defendant Leisure Process, LLC ("Leisure Process") and hereby files this motion for reconsideration of the Court's January 2, 2020 denying as moot Leisure Process's motion to dismiss.

## Relevant Procedural Background

Plaintiff IOU Central, Inc. ("IOU") brought this lawsuit against Leisure Process and several other defendants in Georgia, despite the fact that all defendants in this case reside in Texas and despite the fact that the relief IOU seeks in this case involves certain real property in Texas. Leisure Process moved to dismiss the claims

against it on the grounds of a lack of personal jurisdiction, arguing that Leisure Process transacted no business with IOU or with anyone else in Georgia.

Shortly after filing its motion to dismiss, Leisure Process's counsel sent IOU's counsel a letter enclosing a Rule 11 Motion for Sanctions.[1]  In that letter, Leisure Process explained that, not only did the Court lack personal jurisdiction over Leisure Process, but IOU's claims against Leisure Process had no factual or legal support. Pursuant to Rule 11, Leisure Process gave IOU twenty-one days to dismiss its claims against Leisure Process or face the possibility of sanctions.  IOU never responded to the letter.

Leisure Process's counsel also sent to IOU's counsel a series of emails about the preliminary conference and filings that this Court's local rules require the parties to engage in and submit.[2]  IOU's counsel never responded to those emails.

IOU did amend its complaint, which does not identify Leisure Process as a defendant in the caption,[3] but to be certain that IOU intended to dismiss Leisure Process from the case, Leisure Process sent IOU's counsel an email asking him to clarify whether IOU had intended to dismiss Leisure Process as a party.  Ten days

_____

[1] A true and correct copy of that letter with its enclosure is attached hereto as Exhibit "A."  Leisure Process sent the letter to IOU's counsel by email and by First Class U.S. Mail.

[2] A true and correct copy of those emails is attached hereto as Exhibit "B."

[3] (*See* Amended Complaint, filed December 19, 2019, Doc. 8).

later, IOU's counsel had not responded, so Leisure Process's counsel sent a follow up email.  Nearly two weeks later, IOU still had not responded to the email, so Leisure Process's counsel sent another follow up email, this time with a stipulation attached confirming the dismissal of all claims against Leisure Process.[4]

The Court then entered its January 2, 2020 order denying as moot Leisure Process's motion to dismiss.  Unfortunately, the Court does not explicitly state in that order whether it considers all claims against Leisure Process to be dismissed from the case.[5]  After the entry of that order, Leisure Process's counsel again asked IOU's counsel to sign the stipulation to clarify whether Leisure Process was still a party in the case.  IOU's counsel has not responded to any of these emails, forcing Leisure Process to file this motion.

## Argument and Citation of Authorities

It is not clear whether Leisure Process has been dismissed as a party from this case.  There is a split of authority on whether a court order is required for a party to be added or dropped from a case.  *See Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1999) ("Although Rule 15(a) generally permits the plaintiff to amend his complaint once as a matter of course before a responsive pleading is served, here,

---

[4] A true and correct copy of those emails, along with a copy of the stipulation that was attached to the email, is attached hereto as Exhibit "C."

[5] (*See* January 2, 2020 Order, Doc. 9).

the plaintiff's requested amendment required leave from the court because it sought to assert claims against additional defendants."); *compare Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.*, 750 F. Supp. 487, 493 (M.D. Fla. 1990) ("The text of Rule 21 does not indicate that it is the only mechanism for dropping or adding parties to a lawsuit.).

Because of the uncertainty caused by this split of authority, Leisure Process has repeatedly asked IOU whether it intended to dismiss its claims against Leisure Process, but IOU has consistently failed to respond to every email that Leisure Process's counsel has sent.  Accordingly, Leisure Process files this motion for reconsideration, asking the Court to clarify its January 2, 2020 Order to state that Leisure Process has been dismissed from this case.

## Conclusion

For the foregoing reasons, the Court should reconsider its January 2, 2020 Order to clarify that Leisure Process has been dismissed from this Case.

[signature on following page]

-4-

This 28th day of January, 2020.

Respectfully submitted,

COLES BARTON LLP

*/s/ Aaron P.M. Tady*

Thomas M. Barton
Georgia Bar Number 040821
Aaron P.M. Tady
Georgia Bar Number 696273
*Attorneys for Defendant Leisure*
*Process, LLC*

150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com
atady@colesbarton.com

# EXHIBIT "A"

# Aaron Tady

| | |
|---|---|
| **From:** | Aaron Tady |
| **Sent:** | Friday, December 6, 2019 9:58 AM |
| **To:** | pwersant@gmail.com |
| **Subject:** | Rule 11 Letter and Motion in IOU Central v. Intercom, Inc., et al. |
| **Attachments:** | 2019.12.5 - Leisure Process Rule 11 Letter.pdf |

Paul:

Please see the attached letter and enclosed motion.  The original has been sent to you by US Mail.

Aaron P.M. Tady
Coles Barton LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046
(770)995-5552 (main office line)
(770)995-5560 (direct office line)
(770)995-5582 (fax)
(678)910-8177 (cell)
atady@colesbarton.com

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may
contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not
authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender
immediately by e-mail and delete all copies of the message.

# COLES BARTON LLP

### ATTORNEYS AT LAW

150 South Perry Street
Suite 100
Lawrenceville, Georgia 30046

Telephone (770) 995-5552
Facsimile (770) 995-5582
WWW.COLESBARTON.COM

Aaron P.M. Tady
Direct Dial: 770-995-5560
atady@colesbarton.com

December 5, 2019

## VIA FIRST CLASS MAIL AND E-MAIL

Paul Gerard Wersant, Esq.
3245 Peachtree Parkway, Suite D245
Atlanta, Georgia 30024

> Re:   IOU Central, Inc. d/b/a IOU Financial, Inc. v. Intercom, Inc., et al.
>        In the United States District Court, Northern District of Georgia
>        Case Number 1:19-cv-04595-TWT

Paul:

As you know, we represent Leisure Process, LLC ("Leisure Process") in the above-referenced matter. We write to you on its behalf.

The purpose of this letter is to inform you of Leisure Process's intention to seek sanctions against your client and your firm based upon the claims asserted in the complaint filed in this action, pursuant to Rule 11(c) of the Federal Rules of Civil Procedure. You have already received our motion to dismiss, which is based on a complete lack of personal jurisdiction over Leisure Process, and thus, you have seen that Leisure Process has no contacts whatsoever with Georgia, let alone sufficient contacts to establish jurisdiction. For that reason alone, Leisure Process should be dismissed from this case.

But in addition to that jurisdictional defect, your client's claims against Leisure Process also are legally and factually baseless. It is clear from the complaint, that Plaintiff IOU Central, Inc. ("IOU") did not have a properly recorded security interest in the property at issue, and thus, Leisure Process cannot be deemed to have known of IOU's claimed security interest. Additionally, there is no evidence that Leisure Process had actual knowledge of IOU's purported security interest. In fact, Leisure Process has specifically denied having any such knowledge.

Paul Gerard Wersant, Esq.
December 5, 2019
Page **2** of **2**

     For these reasons, the claims against Leisure Process are not warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law, and the factual contentions contained in the complaint lack evidentiary support.  Under the terms of Rule 11, you have twenty-one days from service of the enclosed motion to withdraw the claims against Leisure Process.  We genuinely hope you will see the wisdom in doing so.

     I can assure you that sending this type of notice is not something that I typically do, but the claims against Leisure Process are simply untenable.  I hope you and your client will give this request serious and prompt attention.

                  Sincerely,

                  COLES BARTON LLP

                  Aaron P.M. Tady

APMT:ep
Enclosure

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IOU CENTRAL, INC. d/b/a IOU FINANCIAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERCOM, INC., KENT BLISS, NANCY BLISS, LEISURE PROCESS, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case Number <br><br> 1:19-cv-04595-TWT |

## DEFENDANT LEISURE PROCESS, LLC'S MOTION FOR SANCTIONS

COMES NOW Defendant Leisure Process, LLC ("Leisure Process") and, pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, files this motion for an award of sanctions against Plaintiff IOU Central, Inc. ("IOU") and its counsel.

## Introduction

In support of its motion, Leisure Process respectfully shows the Court that Plaintiff IOU Central, Inc. ("IOU") did not have a properly recorded security interest in the property at issue (the "Property"), and thus, Leisure Process cannot be deemed to have known of IOU's claimed security interest. Additionally, as explained in

Leisure Process's motion to dismiss filed on November 27, 2019, the arguments of which are incorporated herein by reference, this Court cannot exercise personal jurisdiction over Leisure Process because Leisure Process has no contacts with the state of Georgia.  (*See* Doc. No. 6).  For either of those independent reasons, the Court could find that IOU's claims against Leisure Process are baseless and, thus, sanctionable.

### Argument and Citation of Authorities

In its Complaint, IOU alleges that its security interest arises from a provision in a note that Defendant Kent Bliss purportedly signed.  (Compl., ¶¶ 16-17).  IOU does not allege that its security interest was a matter of any public record in Texas, let alone properly recorded in Texas's real property records.  Accordingly, Leisure Process is not deemed to have known about IOU's purported security interest.  *See* Tex. Property Code Sec. 13.001 ("A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.").  Additionally, there is no evidence that Leisure Process had actual knowledge of IOU's purported security interest, and IOU does not allege how Leisure Process could have possibly had actual, constructive, or inquiry knowledge.  In fact, Leisure

Process has specifically denied having any knowledge of that alleged interest. (*See* "Declaration of John M. Huth in Support of Defendant Leisure Process, LLC's Motion to Dismiss," filed on November 27, 2019 [Doc. No. 6-1], ¶¶ 5-6).

For these reasons, the claims against Leisure Process are not warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law, and the factual contentions contained in the Complaint lack evidentiary support. *See* Fed. R. Civ. P. 11(b)(2)-(3). Accordingly, the Court should sanction IOU and its counsel by ordering them to pay the fees that have been incurred in defending Leisure Process against the baseless claims against it.

## Conclusion

This Court lacks personal jurisdiction over Leisure Process, and there is no legal or factual basis for the claims against Leisure Process on the merits. Accordingly, the Court should grant this motion and sanction IOU and its counsel by ordering them to pay the fees incurred in defending Leisure Process in this action.

[signature on following page]

This _____ day of _____, 20__.

Respectfully submitted,

COLES BARTON LLP

_____

Thomas M. Barton
Georgia Bar Number 040821
Aaron P.M. Tady
Georgia Bar Number 696273
*Attorneys for Defendant Leisure
Process, LLC*

150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com
atady@colesbarton.com

# EXHIBIT "B"

## Aaron Tady

| | |
|---|---|
| **From:** | Aaron Tady |
| **Sent:** | Tuesday, December 10, 2019 10:23 AM |
| **To:** | pwersant@gmail.com |
| **Subject:** | RE: Early Planning Conference and Discovery Plan in IOU Central v. Intercom, Inc. |

Paul:

I am following up on my email below.  When would be a good time for us to hold the planning conference?  I am available today, tomorrow, and Friday morning for the conference.

Thanks,
Aaron

Aaron P.M. Tady
Coles Barton LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046
(770)995-5552 (main office line)
(770)995-5560 (direct office line)
(770)995-5582 (fax)
(678)910-8177 (cell)
atady@colesbarton.com

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

**From:** Aaron Tady
**Sent:** Friday, December 6, 2019 10:01 AM
**To:** pwersant@gmail.com
**Subject:** Early Planning Conference and Discovery Plan in IOU Central v. Intercom, Inc.

Paul:

As you likely know by now, we represent Leisure Process, LLC in the above-referenced lawsuit.  Under the Northern District of Georgia's local rules, we are required to hold our early planning conference by next Friday, December 13.  We have to submit our preliminary report and discovery plan by Friday, December 27.  I am generally available Tuesday, December 10, Wednesday, December 11, or Friday, December 13, for the conference.  Please let me know what day and time would work best for you, and I will get it on my calendar.

Thanks,
Aaron

Aaron P.M. Tady
Coles Barton LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046

(770)995-5552 (main office line)
(770)995-5560 (direct office line)
(770)995-5582 (fax)
(678)910-8177 (cell)
atady@colesbarton.com

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

# EXHIBIT "C"

**Aaron Tady**

| | |
|---|---|
| **From:** | Aaron Tady |
| **Sent:** | Monday, January 6, 2020 9:04 AM |
| **To:** | pwersant@gmail.com |
| **Cc:** | Tom Barton |
| **Subject:** | RE: IOU Central v. Intercom Inc |
| **Attachments:** | Stipulation of Dismissal.docx |

Paul:

If I have not heard from you by the end of the day today about whether I have your permission to sign the attached stipulation and submit it to the Court, I intend to file a motion with the Court.  I would rather not have to do that, so please let me hear from you.

Thanks,
Aaron

Aaron P.M. Tady
Coles Barton LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046
(770)995-5552 (main office line)
(770)995-5560 (direct office line)
(770)995-5582 (fax)
(678)910-8177 (cell)
atady@colesbarton.com

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

**From:** Aaron Tady
**Sent:** Friday, January 3, 2020 9:34 AM
**To:** pwersant@gmail.com
**Cc:** Tom Barton <tbarton@colesbarton.com>
**Subject:** RE: IOU Central v. Intercom Inc

Paul:

I have seen the judge's order denying our motion to dismiss as moot.  That order highlights the need for the stipulation I sent you because it is not clear whether Leisure Process has been dismissed from the case or not.  Please let me know as soon as possible whether I can "sign" your name to the stipulation I sent.

Thanks,
Aaron

**From:** Aaron Tady
**Sent:** Friday, January 3, 2020 9:24 AM
**To:** pwersant@gmail.com

1

**Cc:** Tom Barton <tbarton@colesbarton.com>
**Subject:** RE: IOU Central v. Intercom Inc

Paul:

I am following up on my email below. I have prepared the attached stipulation confirming the dismissal of all claims against Leisure Process. Do I have your permission to "sign" your name to the attached and file it with the Court?

Thanks,
Aaron

Aaron P.M. Tady
Coles Barton LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046
(770)995-5552 (main office line)
(770)995-5560 (direct office line)
(770)995-5582 (fax)
(678)910-8177 (cell)
atady@colesbarton.com

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

---

**From:** Aaron Tady
**Sent:** Monday, December 30, 2019 9:37 AM
**To:** pwersant@gmail.com
**Cc:** Tom Barton <tbarton@colesbarton.com>
**Subject:** RE: IOU Central v. Intercom Inc

Paul:

I am following up on my email below. Will you agree to a stipulated dismissal of the claims against Leisure Process? Please advise.

Thanks,
Aaron

---

**From:** Aaron Tady
**Sent:** Friday, December 20, 2019 3:22 PM
**To:** pwersant@gmail.com
**Cc:** Tom Barton <tbarton@colesbarton.com>
**Subject:** IOU Central v. Intercom Inc

Paul:

We have received your amended complaint in the above-referenced matter and are confused by it. We note that our client, Leisure Process, is not named as a defendant in the caption to the amended complaint. Does that mean you

2

intend to dismiss Leisure Process from the case?  If so, we need to file a stipulation of dismissal.  An amended complaint will not drop a party from a case.  Will you please clarify for us?

If you are not intending to dismiss our client from the case, then we need to prepare and file the preliminary report and discovery plan as soon as possible.  It is due on December 27.

Thanks,
Aaron

Aaron P.M. Tady
Coles Barton LLP
150 South Perry Street, Suite 100
Lawrenceville, GA 30046
(770)995-5552 (main office line)
(770)995-5560 (direct office line)
(770)995-5582 (fax)
(678)910-8177 (cell)
atady@colesbarton.com

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC.<br>d/b/a IOU FINANCIAL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>INTERCOM, INC., KENT BLISS,<br>NANCY BLISS, LEISURE<br>PROCESS, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case Number<br><br>    1:19-cv-04595-TWT |

## **STIPULATED DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT LEISURE PROCESS, LLC**

COME NOW Plaintiff IOU Central, Inc. ("IOU") and Defendant Leisure

Process, LLC ("Leisure Process") and hereby stipulate that all claims IOU asserted

against Leisure Process in the above-captioned lawsuit are dismissed.


[signatures on following page]


-1-

This _____ day of January, 2020.

Respectfully submitted,

_____

Paul G. Wersant
Georgia Bar Number 748341
*Attorney for Plaintiff*

3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
(678) 264-2358 – Telephone
pwerstant@gmail.com

COLES BARTON LLP

*/s/ Aaron P.M. Tady*
_____
Thomas M. Barton
Georgia Bar Number 040821
Aaron P.M. Tady
Georgia Bar Number 696273
*Attorneys for Defendant Leisure
Process, LLC*

150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com
atady@colesbarton.com

## CERTIFICATE OF SERVICE

This is to certify that on this day, the ___ day of January, 2020, I electronically filed the within and foregoing **Stipulated Dismissal of All Claims Against Defendant Leisure Process, LLC** and have served all parties who have appeared in this case using the CM/ECF System, which will automatically generate an e-mail notification of such filing to all the attorneys of record listed with the Clerk of Court.

This ____ day of January, 2020.

_____

*Attorney for Defendant Leisure Process, LLC*

COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com
atady@colesbarton.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC.<br>d/b/a IOU FINANCIAL, INC.,<br><br>　　　Plaintiff,<br><br>v.<br><br>INTERCOM, INC., KENT BLISS,<br>NANCY BLISS, LEISURE<br>PROCESS, LLC,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Case Number<br><br>1:19-cv-04595-TWT |

## STIPULATED DISMISSAL OF ALL CLAIMS AGAINST DEFENDANT LEISURE PROCESS, LLC

COME NOW Plaintiff IOU Central, Inc. ("IOU") and Defendant Leisure Process, LLC ("Leisure Process") and hereby stipulate that all claims IOU asserted against Leisure Process in the above-captioned lawsuit are dismissed.

[signatures on following page]

-1-

This _____ day of January, 2020.

Respectfully submitted,

_____
Paul G. Wersant
Georgia Bar Number 748341
*Attorney for Plaintiff*

3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
(678) 264-2358 – Telephone
pwerstant@gmail.com

COLES BARTON LLP

*/s/ Aaron P.M. Tady*
_____
Thomas M. Barton
Georgia Bar Number 040821
Aaron P.M. Tady
Georgia Bar Number 696273
*Attorneys for Defendant Leisure*
*Process, LLC*

150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com
atady@colesbarton.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this day, the ___ day of January, 2020, I electronically filed the within and foregoing **Stipulated Dismissal of All Claims Against Defendant Leisure Process, LLC** and have served all parties who have appeared in this case using the CM/ECF System, which will automatically generate an e-mail notification of such filing to all the attorneys of record listed with the Clerk of Court.

This ___ day of January, 2020.

_____
*Attorney for Defendant Leisure Process, LLC*

COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com
atady@colesbarton.com

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

This is to certify that on this day, the 28th day of January, 2020, I electronically filed the within and foregoing **Defendant Leisure Process, LLC's Motion for Reconsideration of Court's January 2, 2020 Order** and have served all parties who have appeared in this case using the CM/ECF System, which will automatically generate an e-mail notification of such filing to all the attorneys of record listed with the Clerk of Court.

Pursuant to Local Rule 5.1B, the undersigned counsel for Defendant Leisure Process hereby certifies that the foregoing document was prepared in Times New Roman, 14-point font.

This 28th day of January, 2020.

 */s/ Aaron P.M. Tady*
*Attorney for Defendant Leisure*
*Process, LLC*

COLES BARTON LLP
150 South Perry Street, Suite 100
Lawrenceville, Georgia 30046
(770) 995-5552 – Telephone
(770) 995-5582 – Facsimile
tbarton@colesbarton.com
atady@colesbarton.com